# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KESHAWN MCNEIL, | Civil Action No. 18-10003 (SDW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| STEVEN JOHNSON, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. On April 17, 2019, former Chief Judge Linares entered an order and opinion which denied the habeas petition of Petitioner Keshawn McNeil and denied Petitioner a certificate of appealability. (ECF Nos. 16-17). The opinion discussed and denied each of the four claims raised in Petitioner's original habeas petition, as well as the related allegations contained in Plaintiff's reply brief, on the merits. However, the court refused to consider five new claims, which were raised for the first time in Petitioner's reply brief. (ECF No. 16 at 22-23). The court explained the rejection of those claims as follows:

> While Petitioner raised the claims discussed above in grounds one through four of his original habeas petition in this matter (*see* ECF No. 1), in his reply brief, he attempts to raise for the first time five additional claims including several claims of ineffective assistance of counsel, a challenge to the length of his sentence, and a claim regarding the handling of certain jury questions regarding the surveillance video and testimony of Lieutenant DeMaio in relation thereto presented at trial. It is axiomatic that a party "may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." *D'Allessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) (quoting *Int'l Raw Materials, Ltd. V. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n. 11 (3d Cir. 1992)); *see also Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015). This doctrine applies not only in standard civil suits, but is also applicable to reply

1

> briefs in habeas proceedings as "[b]asic fairness requires that an opposing party have a fair notice of his adversary's claims, as well as an opportunity to address those claims." *Judge*, 119 F. Supp. 3d at 284 (quoting *Soto v. United States*, No. 04-2108, 2005 WL 3078177, at *6 (D.N.J. Nov. 16, 2005)); *see also Thompson v. United States*, No. 12-1312, 2015 WL 1344793, at *6 n. 9 (D.N.J. Mar. 23, 2015). The prohibition against raising new claims in a reply brief is "especially applicable" in the habeas context where the Petitioner was advised, and has in turn certified that he is aware, that he was required to raise all of his claims in a single habeas petition as Petitioner did in this matter[1] (*see* ECF No. 1 at 14). *Judge*, 119 F. Supp. 3d at 284; *see also Rodriguez v. United States*, No. 04-158, 2005 WL 2007033, at *9 n. 7 (D.N.J. Aug. 22, 2005) (courts should "not permit [a p]etitioner to . . . adopt an additional claim in a reply brief at the eleventh hour" where he has previously been advised he has previously acknowledged that he is required to bring all claims in a single petition). As Petitioner's sentencing, jury question, and ineffective assistance claims were raised for the first time in Petitioner's reply brief, filed eight months after his initial petition and approximately four months after the State's answer, this Court declines to address those claims[] as they were improperly raised by Petitioner at the eleventh hour after Respondents had already addressed those claims he properly raised in his initial habeas petition. *Judge*, 119 F. Supp. 3d at 284.

(*Id.*).

2. While the court rejected these claims as improperly raised insomuch as they were first raised in a reply brief and Petitioner never attempted to amend his original habeas petition to add these claims, the court also found the new claims untimely and explained as follows:

> the Court notes that Petitioner raised these claims for the first time in this matter when he filed his reply brief, which is dated January 15, 2019 (*See* ECF No. 15), well over a year from the date on which Petitioner's state collateral relief proceedings concluded with the denial of certification on September 11, 2017. (Document 16 attached to ECF No. 9). Because all habeas claims are subject to a one year statute of limitations which normally runs from the conclusion of direct review, *see Ross v. Varano*, 712 F.3d 784, 798

---

[1] In his petition, Petitioner certified under penalty of perjury that he had been "notified that [he] must include in this petition all the grounds for relief from the conviction or sentence that [he] challenged, and that . . . if [he] fail[ed] to set forth all the grounds in this petition, [he] may be barred from presenting additional grounds at a later date." (ECF No. 1 at 14).

2

> (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013), and because any statutory tolling of that one year limitations period concluded with the denial of certification, *see Jenkins*, 705 F.3d at 85, Petitioner's newly raised claims are time barred absent some basis for equitable tolling as they were raised for the first time sixteen months after Petitioner's one year limitations period resumed running with the conclusion of state PCR proceedings. That the four claims raised in Petitioner's original petition were timely filed does not change the fact that Petitioner's newly raised claims would be time barred absent some basis for equitable tolling even were this Court to consider them. *See generally Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004) (timeliness of habeas claims determined on a claim by claim basis); *Duncan v. Walker*, 533 U.S. 167 (2001) (filing of habeas petition does not toll or arrest the running of the habeas limitations period).

(ECF No. 16 at 23-24 n. 4).

3. On June 3, 2019, Petitioner filed a motion seeking relief from the judgment denying his habeas petition pursuant to Federal Rule of Civil Procedure 60(b)(1). (ECF No. 22). In his motion, Petitioner argues that he "inadvertently" failed to raise his five new claims in his initial habeas petition, that this mistake was based on his lack of knowledge of federal procedural rules and reliance upon prison paralegals after his request for appointed counsel was denied. (*Id.*). Petitioner therefore requests that the order denying his petition be vacated, and that this Court now consider his five new claims on the merits as, absent his mistakes, he would have raised them in his initial petition.

4. Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). Pursuant

3

to Rule 60(b)(1), a party may be relieved of a final judgment under circumstances including "mistake, inadvertence, surprise, or excusable neglect." In determining whether a movant warrants relief under the rule, the Court must consider the prejudice to the non-moving party, whether the improper filing resulting from the mistake in question presents a meritorious claim or defense, the culpability of the moving party, and the effectiveness of alternative sanctions. *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 473 (3d Cir. 2017) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (2d Cir. 1987)).

5. In this case, Petitioner argues that he inadvertently failed to properly raise the five new claims in his reply brief, and that he should be permitted to pursue them on the merits. Turning to the applicable Rule 60(b)(1) factors, the Court finds that the non-moving party, the state, would be prejudiced by a reopening of this matter as they would be forced to brief and litigate Petitioner's late-raised claims, and that no alternative sanctions are readily available under the circumstances of this matter (i.e., either the Court declines to consider Petitioner's claims, or it considers them). Turning to culpability, the Court notes that Petitioner is entirely culpable for this situation – the form on which he filed his habeas petition included a certification from Petitioner expressly acknowledging that he was required to raise all of his claims in his original petition, and that he may be barred from raising claims at a later date, and Petitioner was thus on notice that he needed to include all grounds for relief he wished to raise in his initial petition. Thus, these three factors all weigh against relieving Petitioner of the judgment entered by the court.

6. Turning to the final factor, as explained by the Court previously, Petitioner's new claims are wholly unrelated to the four points raised in his original habeas petition, and thus would not relate back to Petitioner's timely and properly raised claims, *see, e.g., United States v. Santarelli*, 929 F.3d 95, 99-103 (3d Cir. 2019) (explaining that relation back for time bar purposes requires

that new claims share a common core of operative facts with previously raised, timely claims), and that those claims, raised more than a year after the conclusion of the state court's PCR review were therefore untimely. Thus, even if the Court had not declined to consider the claims because they were improperly raised in a reply brief and were never the subject of a proper motion to amend the habeas petition, Petitioner's newly raised claims are untimely, and thus not meritorious absent some basis for equitable tolling. As Petitioner's excusable neglect, the only basis for tolling he now presents in the form of his argument that he inadvertently failed to raise these claims until his reply brief was filed, is insufficient to warrant tolling, *see, e.g., Schlueter v. Varner*, 384 F.3d 69, 83 (3d Cir. 2004) ("the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect"), Petitioner has failed to show that he is entitled to equitable tolling, and his claims are, as noted in the court's opinion denying the habeas petition, time barred. Petitioner's claims are thus without merit, and as a result all four Rule 60(b)(1) factors weigh against relief from the court's judgment in this matter. As Petitioner has shown no basis for Rule 60(b)(1) relief, and as Petitioner's late raised claims are time barred, Petitioner's motion to reopen judgment must be denied.

7. In conclusion, Petitioner's Rule 60(b) motion (ECF No. 22) is DENIED. An appropriate order follows.

Dated: August 12, 2019

                *s/ Susan D. Wigenton*
                Hon. Susan D. Wigenton,
                United States District Judge